## In re SELIGMAN.

(District Court, E. D. New York. June 11, 1908.)

BANKRUPTCY—COMPOSITION—GROUNDS FOR REFUSING TO CONFIRM.

The fact alone that a bankrupt, in a statement made a year before his bankruptcy to a creditor, overstated his assets, the statement not being shown to have been materially false or made for the purpose of obtaining credit, is not sufficient to justify the court in refusing to confirm a composition which appears to be for the best interests of the creditors and to which all except one have consented.

In Bankruptcy. On motion to confirm composition.

Joseph L. Young, for bankrupt.

Charles M. Russell, for objecting creditor.

CHATFIELD, District Judge. The bankrupt has applied for leave to carry out a composition, and reference has been had, upon notice to creditors, for an examination of the bankrupt after his schedules were filed, in accordance with section 12 of the bankruptcy law. Act July 1, 1898, c. 541, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426). Upon the hearing of the application for the confirmation, one creditor, representing about 10 per cent. of the liabilities of the bankrupt, has opposed the confirmation, upon the ground that the bankrupt had, some 12 months ago, stated in writing to the objecting creditor that his stock of goods then on hand represented a cost price of $14,000. The objecting creditor had previously consented to the composition, but because of additional information represented to the court that the bankrupt, if the proceedings were carried on, would not be entitled to a discharge, and that therefore the court should take the matter under consideration, and give time for further examination of the books of the bankrupt. Upon this objection an examination of the bankrupt has been had, and his testimony is to the effect that none of the goods included in his stock one year ago have been sold or removed, and that he has accounted for everything except what has been sold in the ordinary course of business. An accountant has also made a personal examination of the books in the possession of the receiver, and has reported that a trial balance, as of June 30, 1907, would show an increase of liabilities and reduction of assets, making a difference of $8,000, from the statement made by the bankrupt at that time to the objecting creditor. The condition of the estate indicates that probably not more than 30 per cent. could be realized if no further expenses were involved, and the bankrupt has deposited funds sufficient to cover a payment of 25 per cent. net.

The law provides (section 12, subd. "d") that a composition shall be confirmed if the judge is satisfied that: (1) It is for the best interests of the creditors; (2) the bankrupt has not been guilty of any acts or failed to perform any duties, to the extent of causing a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured by acts or promises forbidden by the statute.

There would seem to be no question under the first and third grounds. Nothing has been shown by which it could be considered, in the face of the consents by all of the creditors, that their interests would be advanced by a refusal of the composition, nor has anything been shown to impugn the good faith of the composition offered.

As to the second ground, it does not seem that the statement of the assets, made a year ago, is so plainly a sufficient objection to the discharge of the bankrupt that the composition should be refused upon that ground. In order to have a statement sustained as an objection to a discharge, it must be shown to have been materially false, and to have been made for the purpose of obtaining credit, and upon all the circumstances here, and also in view of the fact that the objecting creditor has once consented to the composition, it would seem as if the bankrupt were entitled to have this question decided in his favor.

Inasmuch therefore as further investigation of the objection would not seem to benefit the estate, it will be overruled, and the composition approved.

An exception to the ruling will be allowed to the objecting creditor.